Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Michael J. Bean;** and **Shana J. Bean;**<br><br>Plaintiffs,<br><br>v.<br><br>**Opal Financial, LLC; Law Office of James R. Vaughan PLLC;** and **James R. Vaughan;**<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

### I.  Preliminary Statement

1. Plaintiffs bring this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter "FDCPA"). Plaintiffs seek an award of statutory damages, costs and attorney's fees.

## II.   Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce

or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III.   JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiffs' claims arose from acts of the Defendants perpetrated therein.

### IV.   PARTIES

9. Plaintiffs are individuals residing in Maricopa County, Arizona.

10. Plaintiffs are allegedly obligated to pay a consumer debt and are "consumers" as that term is defined by FDCPA § 1692a(3).

11. Defendant Opal Financial, LLC ("Opal") is an Arizona limited liability company doing business at 5555 N.

7th Street, Suite 134-102, Phoenix, Arizona 85014.
12. Opal collects or attempts to collect debts owed or asserted to be owed or due another.
13. In the alternative, Opal collects or attempts to collect debts it has purchased after default.
14. Opal is a "debt collector" as that term is defined by FDCPA § 1692a(6).
15. Defendant James R. Vaughan ("Vaughan") is an individual and an Arizona licensed attorney.
16. Vaughan operates a law firm under the name of Law Office of James R. Vaughan PLLC ("Vaughan Firm").
17. Vaughan employs other attorneys and/or legal assistants to assist him in his law practice.
18. Vaughan regularly collects or attempts to collect debts owed or asserted to be owed or due another.
19. Vaughan is a "debt collector" as defined by FDCPA § 1692a(6).
20. Defendant Law Office of James R. Vaughan, PLLC ("Vaughan Firm") is a law firm with its principal place of business located at the same address as Opal, 5555 N. 7th Street, Suite 134-102, Phoenix, Arizona 85014.
21. The Vaughan Firm does business collecting debts within the state of Arizona.
22. The Vaughan Firm regularly collects or attempts to

1  collect debts owed or asserted to be owed or due
2  another.
3  23. The Vaughan Firm is a "debt collector" as defined by
4      FDCPA § 1692a(6).
5  24. At all times relevant herein, Vaughan created the
6      collection policies and procedures utilized by the
7      attorneys and other employees of the Vaughan Firm.
8  25. Vaughan manages the daily operation of the Vaughan
9      Firm, and oversees the application by his attorneys
10     and other employees of his collection policies and
11     procedures.
12 26. The Vaughan Firm is liable for the actions of its
13     employees and agents acting within the scope of
14     their employment of collecting or attempting to
15     collect debts owed or asserted to be owed or due
16     another.

17                **V.   Factual Allegations**

18 27. Sometime before 2007, Plaintiffs incurred a debt
19     with Juniper Bank for personal, family and household
20     purposes.
21 28. Plaintiffs subsequently defaulted on the Juniper
22     Bank debt.
23 29. Opal allegedly was assigned the Juniper Bank debt
24     after default.
25 30. On or about July 10, 2009, Vaughan sent or caused to

1 be sent a letter to Plaintiffs on the Vaughan Firm's
2 letterhead concerning the alleged debt owed to Opal.
3 (A copy of Vaughan's July 10, 2009 letter is
4 attached hereto as Exhibit A).
5 31. Defendants Vaughan and the Vaughan Firm state in
6 Exhibit A the following:

> Amount owed:   Assigned amount of $1823.02 plus interest accruing at the rate of 10.0000% per annum from 11/27/2007 until paid.

32. Exhibit A is the first communication from Defendants Vaughan and the Vaughan Firm concerning the debt allegedly owed to Opal.
33. On August 26, 2009, Defendants filed a lawsuit against Plaintiffs claiming Opal was the assignee of Juniper Bank.
34. The lawsuit was filed in the San Tan Justice Court located in Maricopa County, Arizona.
35. Shortly thereafter, Defendants caused Plaintiffs to be served with the Summons and Complaint.
36. At the time of service of the summons and complaint, Plaintiffs were also served with a letter from Opal dated July 10, 2009 and a letter from Vaughan dated August 11, 2009. (A copy of Opal's July 10, 2009 letter is attached hereto as Exhibit B, and a copy of Vaughan's August 11, 2009 letter is attached

- 6 -

1       hereto as Exhibit C).
2   37. In Exhibit B, Opal states:
3           Amount owed:    Assigned amount of $1823.02
4                           plus interest at the rate of
                            10.0000% per annum from
                            11/27/2007 until paid.
5
6   38. Exhibit B is the first communication from Defendant
7       Opal concerning the alleged debt.
8   39. In Exhibit C, Defendants Vaughan and the Vaughan
9       Firm state:
10          Amount Owed:    Assigned Amount:      $1823.02
                            Accrued Interest:      $311.16
11                          Total Due:            $2134.18
                            Interest Rate:   10% Per Annum
12
13  40. Defendants Vaughan and the Vaughan Firm fail to
14      state in their initial written communication to
15      Plaintiffs the amount of the debt allegedly owed as
16      required by FDCPA § 1692g(a)(1).
17  41. Defendants Vaughan and the Vaughan Firm fail to
18      state in their initial written communication to
19      Plaintiffs that the amount of the debt might vary
20      from day to day because of, for example, interest,
21      late charges, or other charges.
22  42. Defendants Vaughan and the Vaughan Firm fail to
23      notify Plaintiffs in their initial written
24      communication to Plaintiffs of their right to obtain
25      an up to date amount of the debt allegedly due.

-7-

1   43. The case of <u>Miller v. McCalla et al.</u>, 241 F.3d 872
2       (7th Cir. 2000), sets forth "The debt collectors
3       duty to state the amount of the debt in cases like
4       this where the amount varies from day to day." *Id.*
5       at 876.
6   44. Defendants Vaughan and the Vaughan Firm failed to
7       comply with that duty.
8   45. Defendant Opal failed to include in its initial
9       communication to Plaintiffs that that they had a
10      right to request verification and/or validation of
11      the debt as required by FDCPA § 1692g(3)-(5).
12  46. Defendant Opal also failed to state in its initial
13      written communication to Plaintiffs the amount of
14      the debt allegedly owed as required by FDCPA §
15      1692g(a)(1).
16  47. Defendant Opal failed to state in its initial
17      written communication to Plaintiffs that the amount
18      of the debt might vary from day to day because of,
19      for example, interest, late charges, or other
20      charges.
21  48. Defendant Opal failed to notify Plaintiffs in its
22      initial written communication of their right to
23      obtain an up to date amount of the debt allegedly
24      due.
25  49. The case of <u>Miller v. McCalla et al.</u>, 241 F.3d 872

1    (7th Cir. 2000), sets forth "The debt collectors
2    duty to state the amount of the debt in cases like
3    this where the amount varies from day to day." *Id.*
4    at 876.
5  50. Defendant Opal failed to comply with that duty.
6  51. Defendants' actions taken here were intentional,
7    willful, and in gross or reckless disregard of
8    Plaintiffs' rights and part of their persistent and
9    routine practice of debt collection.
10 52. In the alternative, Defendants' actions were
11    negligent.

## VI.   Causes of Action

### a.   Fair Debt Collection Practices Act

13 53. Plaintiffs repeat, reallege, and incorporate by
15    reference the foregoing paragraphs.
16 54. Defendants' violations of the FDCPA include, but are
17    not necessarily limited to, 15 U.S.C. §§ 1692e, and
18    1692e(2)(A), 1692e(10), and 1692g.

## VII.   DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered against Defendants for:

a)   Statutory damages of $1,000 from each defendant

1       for each plaintiff pursuant to FDCPA § 1692k;
2   b)   Costs and reasonable attorney's fees pursuant to
3       §1692k; and
4   c)   Such other relief as may be just and proper.

6 DATED   October 23, 2009  .

8                          s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs